UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA COWLEY and RONALDO
CRAWFORD,                                             Case No. 2:21-cv-12226

        Plaintiff,                                  HONORABLE STEPHEN J. MURPHY, III

v.

PRUDENTIAL SECURITY, INC., et al.,

        Defendants.

_____/

## ORDER APPROVING SETTLEMENT [139]

Plaintiffs Joshua Cowley and Ronaldo Crawford moved for the Court to
approve the settlement of Plaintiffs' Fair Labor Standards Act (FLSA) claims and
sought an order dismissing the case with prejudice and without further costs or fees
beyond those in the settlement. ECF 139. Defendants did not oppose the motion. *Id.*
at 3989.

The Court will grant the motion to approve the settlement agreement. The
Sixth Circuit never definitively answered the question of whether court approval is
required for FLSA settlement agreements. District courts in the Circuit, however,
held that FLSA claims cannot be waived or privately settled by the parties without
the approval of either the Department of Labor or a district court. *See e.g., Athan v.
United States Steel Corp.*, 523 F. Supp. 3d 960, 964–65 (E.D. Mich. 2021); *Snook v.
Valley-OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich.
2015). In accordance with its colleagues and at the parties' request, the Court will

1

review the motion and settlement agreement. But the Court will not hold a hearing because one is neither expressly required nor necessary to approve the settlement agreement. *See* E.D. Mich. L.R. 7.1(f)(2).

When considering approval, "the Court must determine that the parties were engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Athan*, 523 F. Supp. 3d at 965. A bona fide dispute exists when the employer's liability is "actually and reasonably in dispute." *Id.* A settlement agreement is fair and reasonable if it reflects a reasonable compromise over issues such as FLSA coverage or computation of damages that are actually in dispute. *Gentrup v. Renovo Services*, LLC, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio 2011) (citation omitted).

Here, there was a bone fide dispute. Plaintiffs alleged that they and similarly situated employees were not paid for their time in violation of the FLSA. ECF 139, PgID 3999. Specifically, Plaintiffs alleged that Defendants required them to arrive ten to fifteen minutes before their clock-in time to relive the security guards from the previous shift. *Id.* Plaintiffs also alleged that they were required to review and respond to work-related messages outside of working hours. *Id.* at 4000. Defendants denied liability and claimed the allegations were untrue. *See, e.g.,* ECF 98.

Additionally, the settlement terms are fair and reasonable. The settlement amount is approximately 34% of the amount that Plaintiffs claimed Defendants owed them, which is fair considering the complexity, expense, and likely duration of the litigation. *See* ECF 139, PgID 4000–02. Plaintiffs' likelihood of success on their claims

2

is uncertain and would require a considerable expenditure of time, money, and effort to continue to litigate, which would increase the risk and cost to both parties. Further, the parties engaged in enough discovery to uncover the strengths and weaknesses of the case and evaluate the fairness of the compromise. And experienced counsel represented the parties throughout the litigation and settlement negotiations. The parties were therefore fully aware of their rights, risks, and interests when they agreed to the proposed settlement. Accordingly, the Court will grant the motion to approve the settlement because it is a fair and reasonable resolution of the bona fide dispute.

Next, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Risbrook v. Blue Horseshoe Network, LLC*, No. 19-11262, 2020 WL 13441574, at *3 (E.D. Mich. Sept. 4, 2020) (quotation marks and quotation omitted). To do so, the Court may choose between the "percentage-of-the-fund method and the lodestar method." *Waid v. Snyder* (*In re Flint Water Cases*), 63 F.4th 486, 495 (6th Cir. 2023). The lodestar method requires the Court to "multiply[] the attorney's reasonable hourly rate by the number of hours reasonably expended." *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991) (citations omitted). Here, counsel represented that they spent over 3200 hours on the instant case. ECF 139, PgID 4078, 4095. The settlement provides for $519,053.61 in attorney's fees. *Id.* at 4045. The settlement fee award therefore represents an hourly rate of less than $162.20 per hour—which is undoubtedly reasonable given the complexity of the case. The settlement also provides for

3

$95,946.39 in costs. Plaintiffs provided proof of $99,103.80 incurred in costs. *Id.* at 4080–81. Based on the costs incurred and hours spent on the case, the Court finds that both the cost and fee awards are reasonable. The Court will thus approve the awards and grant Plaintiffs' unopposed motion for approval of the settlement.

**WHEREFORE**, it is hereby **ORDERED** that the motion to approve settlement [139] is **GRANTED**.

**IT IS FURTHER ORDERED** that Schneider Wallace Cottrell Konecky LLP and Blanchard & Walker PLLC are **APPOINTED** as counsel for the FLSA Collective.

**IT IS FURTHER ORDERED** that the Court **APPROVES** Plaintiffs Joshua Cowley and Renaldo Crawford as representatives for the Collective and approves the Collective Representative Incentive Awards in the amount of **$10,000** to Plaintiff Cowley and **$10,000** to Plaintiff Crawford.

**IT IS FURTHER ORDERED** that the Court **APPOINTS** Phoenix Class Action Administration Solutions to administer the settlement and **APPROVES** the estimated settlement administration costs of **$13,900**.

**IT IS FURTHER ORDERED** that the Court **APPROVES** Michigan Legal Help as *cy pres* beneficiary of the Settlement.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH**

**PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 7, 2024